■ SEYMOUR G. NOTARIUS, Respondent, v. HESS OIL & CHEMICAL CORPORATION, Appellant. SEYMOUR G. NOTARIUS, Respondent, v. HESS OIL & CHEMICAL CORPORATION, Appellant, et al., Undertenant.— Order of the Supreme Court, Westchester County, dated February 1, 1968, reversed, on the law and the facts

and in the exercise of discretion, with $10 costs and disbursements, and defendant's motion to remove the summary proceeding to said court and to consolidate the proceeding and the action granted, upon the following conditions: (1) defendant shall have the right to open and close on the trial of its counterclaims in the consolidated action; (2) during the pendency of the consolidated actions, and in addition to sums heretofore paid, if any, pursuant to an order of the court which granted a stay pending this appeal, defendant shall deposit with the Commissioner of Finance of Westchester County, to the credit of the consolidated actions, a sum equal to the monthly rent due under its lease with plaintiff as such rent accrues thereunder; and (3) during the pendency of the consolidated actions, defendant shall pay to the proper authorities all taxes required to be paid by it under the terms of the lease. In our opinion, common questions of law and fact, arising from defendant's claim that plaintiff owes it $179,123.44 for goods sold and delivered, exist in plaintiff's action in the Supreme Court for specific performance and in the summary proceeding commenced by plaintiff in the City Court of New Rochelle. In the summary proceeding, the issue of the debt arises by way of defendant's defense that, under the lease of the premises from which plaintiff seeks defendant's eviction, part of the disputed debt may be allocated in extinguishment of rent due plaintiff. In the action for specific performance, of a contract of sale covering the leased premises, the issue of the debt arises in defendant's counterclaim for the debt itself as well as in plaintiff's action upon the contract of sale, for in the latter case whether any rent exists to be apportioned is challenged by defendant by virtue of the lease's provision providing for the withholding of rent in diminution of any indebtedness owed by plaintiff to defendant. Christ, Acting P. J., Brennan, Hopkins, Munder and Martuscello, JJ., concur.